IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HOWARD WALSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 26-387-JLH-SRF |
| | ) | |
| DAVID OWENS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Howard Walsh ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("JTVCC"), filed this action on April 6, 2026, asserting a claim of copyright infringement against defendant David Owens ("Defendant"). (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) The court proceeds to review and screen Plaintiff's second amended complaint ("SAC") pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. For the reasons set forth below, I recommend that the court DISMISS the SAC (D.I. 14) WITH PREJUDICE.

## I.    BACKGROUND

Plaintiff authored a 21-page illustrated children's book titled *Alien Sham Met Bunny and Scoon* and copyrighted the text in 2023. (D.I. 14 at 5-6) In December of 2025, he asked Defendant to edit the manuscript by using ChatGPT to prepare it for publication on Amazon Books in exchange for $200. (*Id.*) When Plaintiff spoke to Defendant several weeks later, Defendant claimed he was having difficulty programming the ChatGPT application to edit the book but he informed Plaintiff of numerous changes he had made to the manuscript. (*Id.* at 6-7) As Plaintiff continued to follow up with Defendant regarding his progress, Defendant became elusive and refused to send Plaintiff the completed pages of the book. (*Id.* at 8-9) The SAC

alleges that Defendant changed Plaintiff's book using the ChatGPT application with the intention of using the book for his own benefit. (*Id.* at 9)

## II.    LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). Under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), a court may dismiss a complaint as frivolous if it depends on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Dooley*, 957 F.3d at 374 (internal citations and quotation marks omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the legal standard used when deciding

2

Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible

3

will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.   DISCUSSION

To state a claim for copyright infringement, a plaintiff must allege facts demonstrating: "(1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work." *Tanksley v. Daniels*, 902 F.3d 165, 172-73 (3d Cir. 2018) (internal quotation marks and citations omitted).  The SAC satisfies the first element by alleging that Plaintiff holds a copyright registration in his book, *Alien Sham Met Bunny and Scoon.*[1]  (D.I. 7 at 5-6); *see DEA Lookup.com, Inc. v. Solstice Benefits, Inc.*, C.A. No. 25-375-MN, 2026 WL 480849, at *3 (D. Del. Feb. 20, 2026) (finding allegations the plaintiff held copyright registrations which covered its proprietary software were sufficient to satisfy the first element of a claim for copyright infringement).

The SAC does not plausibly allege that the second element is met.  The second element requires showing that the defendant actually copied the work or the copy was substantially similar to the copyrighted material. *Thomson Reuters Enters. Centre GmbH v. Ross Intelligence Inc.*, 765 F. Supp. 3d 382, 392 (D. Del. 2025) (citing *Dam Things from Denmark v. Russ Berrie & Co.*, 290 F.3d 548, 561-62 (3d Cir. 2002)).  Here, the SAC alleges that Defendant described certain edits to Plaintiff in text messages.  The purported edits included adding or changing characters and modifying certain sentences in accordance with recommendations made by

---

[1] Courts may consider matters of public record, such as copyright registrations, when assessing the sufficiency of a pleading under the Rule 12(b)(6) standard. *See Raucci v. Candy & Toy Factory*, 145 F. Supp. 3d 440, 451 (E.D. Pa. 2015) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).  Here, a search for *Alien Sham Met Bunny and Scoon* in the Public Records System of the U.S. Copyright Office suggests that the work was registered to Howard Walsh on May 3, 2023 under Registration No. TXu002384222.

ChatGPT. (D.I. 14 at 7)  As with Plaintiff's prior pleading attempts, however, the SAC confirms that Plaintiff never received the edited manuscript from Defendant.  Plaintiff expresses concern that Defendant intended to use Plaintiff's manuscript for his own purposes, but there are no pleaded factual allegations to suggest Defendant did so.  (*Id.* at 9)  Because Plaintiff has no factual basis to suggest that Defendant copied Plaintiff's work, and because Plaintiff has failed to remedy the deficiencies identified in his prior pleading, I recommend that the court DISMISS Plaintiff's complaint with prejudice because further amendment would be futile.  *See Swanson v. Walker*, C.A. No. 25-549-CFC, 2025 WL 2160952, at *2 (D. Del. July 30, 2025) (cautioning that an amended complaint that fails to cure the deficiencies in a *pro se* plaintiff's pleading may be dismissed with prejudice).

## IV.    CONCLUSION

For the reasons discussed above, I recommend that the court issue an Order in the form set forth below:

### ORDER

At Wilmington this ___th day of _____, 2026, IT IS ORDERED that:

1.     The Report and Recommendation issued on August __, 2026 is **ADOPTED.**

2.     Plaintiff's second amended complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1.  Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation.  Fed. R. Civ. P. 72(b).  The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district

5

court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: August 4, 2026

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE